IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BUDDY NEWSOME, # 220855 AND ISMAIL MUHAMMAD, # 91408, | ) ) ) | C.A. No. 3:05-43-TLW |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| JOHN OZMINT, DIRECTOR OF THE SOUTH CAROLINA DEPT. OF CORR.; OMAR SHAHEED, SENIOR MUSLIM CHAPLIN; A.J. PADULA, WARDEN LEE CORR. INSTITUTION; ASSOCIATE WARDEN BELL, SECURITY; AND W.C. WILKS, SENIOR CHAPLAIN I LEE CORRECTIONAL INSTITUTION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

In this *pro se* case, the plaintiffs, prison inmates now or formerly housed within the Evans Correctional Institution of the South Carolina Department of Corrections, assert that the defendants violated their constitutional rights. In particular, the plaintiffs allege that the defendants wrongfully violated their right to practice their religion. The defendants deny these allegations and filed a motion for summary judgment on April 15, 2005.

On May 3, 2005, because they are proceeding *pro se* and pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court issued an Order requiring that the plaintiffs respond to the defendants' motion for summary judgment and advising them that a failure to do so could result in the dismissal of their complaint. In response thereto, plaintiff Buddy

1

Newsome ("Newsome") filed a memorandum in opposition to the defendants' motion for summary judgment. Plaintiff Ismail Muhammad ("Muhammad") did not file any memorandum in opposition to the defendants' motion for summary judgment.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned. In his Report, Magistrate Judge McCrorey recommends that the defendants' motion for summary judgment be granted. As reasoned by the Magistrate Judge:

> ...Plaintiffs fail to show their constitutional rights were violated as they have not identified any prison regulation which impinged on their ability to practice their religion and have not disputed Defendants' legitimate penological reasons (security) for their actions...
>
> Plaintiffs fail to show that their equal protection rights have been violated. Review of religious exercise schedules for November 2004 through March 2005 at LCI reveals that Muslim inmates and inmates from other faiths are afforded similar opportunities for worship and group study...
>
> Plaintiffs also fail to show that the SCDC policies concerning religion give rise to a protected liberty or property interest.

No objections to the Report have been filed by any party.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. As noted above, no objections have been filed to the Report. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See* Camby v. Davis, 718

F.2d 198, 199 (4th Cir. 1983).

A *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
Terry L. Wooten<br>
United States District Court Judge

January 12, 2006
Florence, South Carolina

3